UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


DEBORAH FRAZIER                                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:15CV39-TSL-RHW

ACTING COMMISSIONER CAROLYN W. COLVIN
United States Social Security Administration                        DEFENDANTS


## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff Deborah Frazier filed a complaint appealing the Commissioner of Social

Security Administration's (Commissioner) denial of her application for disability insurance

benefits.  Doc. [1].  Plaintiff was 48 years old at the time she filed her application.  *Id.* at 35, 133-

36.  She has an eleventh grade education and general equivalency degree.  *Id.* at 36.  Her past

relevant work includes deboner, commercial cleaner, management trainee, cafeteria food worker,

and gambling cashier.  *Id.* at 23.  She alleged disability resulting from type II diabetes and lupus

in her back and legs.  *Id.* at 154.

After denials at the initial and reconsideration levels, Plaintiff requested and was granted

a hearing before an administrative law judge (ALJ).  *Id.* at 95-101, 105-07.  The ALJ conducted a

hearing at which the Plaintiff and a vocational expert testified.  *See id.* at 28-66.  Based on a

review of the record, the ALJ concluded that Plaintiff had severe impairments of chronic

obstructive pulmonary disease (COPD); type II diabetes mellitus; hypertension; lumbar disc

disease; right knee pain; and systemic lupus erythematosus.  *Id.* at 16.  The ALJ found that

Plaintiff has the residual functional capacity (RFC) to perform a full range of sedentary work.  *Id.*

at 18.  Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could

perform her past relevant work as a gambling cashier as that job is generally performed in the national economy. *Id.* at 23-24. Because she could perform her past relevant work, the ALJ found Plaintiff not disabled. *Id.* The Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id.* at 4-9. Plaintiff then filed the instant cause of action for judicial review of the Commissioner's decision. Plaintiff has filed a motion for summary judgment; and the Commissioner has filed a motion to affirm the Commissioner's decision. Doc. [11] & [14].

In her motion for summary judgment, Plaintiff asserts that (1) the ALJ failed to consider all of Plaintiff's functional limitations when determining her RFC, specifically limitations relating to COPD, bilateral lower extremity edema, and frequent urination; (2) the ALJ failed to consider medical opinion evidence relating to environmental and postural limitations; and (3) the ALJ's conclusion that Plaintiff could perform her past relevant work as a gambling cashier was not supported by substantial evidence.

## Law and Analysis

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison*

*Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court is not permitted to "reweigh the evidence in the record, nor try any issues *de novo*, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988).  "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'"  *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).  While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment.  42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5).  The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled.  20 C.F.R. § 404.1520(a), § 404.920(a).  Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work.  *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step.  *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987).  Therefore, if the claimant proves that he is unable to perform past relevant work, the

SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy.  The burden then shifts back to the claimant to establish that he cannot perform this alternative employment.  *Id*.

**Residual Functional Capacity**

Plaintiff argues that the ALJ failed to consider all of her functional limitations and failed to make a function-by-function assessment.  Plaintiff points to the fact that the ALJ found that she had a severe impairment of COPD;  however, the ALJ failed to attribute any limitations relating to COPD despite medical evidence supporting such limitations.  Plaintiff also argues that the ALJ failed to consider the fact that she elevates her legs to treat lower extremity edema.  Finally, Plaintiff argues that the ALJ failed to take into account the fact that she takes a diuretic which would require her take frequent breaks at work to urinate.

As a general matter, the undersigned finds that the ALJ carried out the required function-by-function analysis.  In determining Plaintiff's RFC, the ALJ relied in part on Dr. James Pennebaker's RFC assessment.  The state agency physician's function-by-function RFC constitutes substantial evidence supporting the ALJ's findings.  *See Beck v. Barnhart*, 205 Fed. App'x 207, 213-14 (5th Cir. 2006); *Kinser v. Colvin*, 2014 WL 6973022, at *3 (N.D.Tex. Dec. 9, 2014); *Brown v. Astrue*, 2009 WL 64117, at *4 (N.D. Tex. Jan. 12, 2009); *Zeno v. Barnhart*, 2005 WL 58822, at *9 (E.D. Tex. Feb. 4, 2005).

With respect to Plaintiff's COPD, the ALJ noted that Dr. Theodore Emeka Okechuku, a consultative examiner, found moderate impairments.  Doc. [10] at 22, 255.  The ALJ also acknowledged Dr. Pennebaker's conclusion that Plaintiff should avoid all exposure to fumes, odors, dusts, gases, and poor ventilation because of her COPD.  *Id*. at 270.  Despite Dr.

4

Pennebaker's finding of environmental limitations, the ALJ concluded that Dr. Pennebaker's opinion should be entitled only to "some weight".  The ALJ explained that she did not assign significant weight to Dr. Pennebaker's pulmonary limitations "given the fact the claimant continues to smoke." *Id.* at 23.  It appears that the only basis for the ALJ discounting Dr. Pennebaker's opinion with regard to environmental limitations is the fact that Plaintiff continues to smoke.  As noted in Dr. Okechuku's report, Plaintiff has been a chronic smoker and has smoked half a pack a day for the past 30 years. *Id.* at 253.  At the hearing, Plaintiff testified that she smokes 4 or 5 cigarettes per day. *Id.* at 44.

The undersigned finds that the ALJ's decision not to assign additional RFC limitations based on Plaintiff's COPD is supported by substantial evidence.  *See Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008)(ALJ appropriately considered claimant's failure to stop smoking when considering physical abilities in relation to COPD); *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003)(upholding denial of disability benefits based on claimant's failure to adhere to physicians' advice to exercise daily and stop smoking).  The ALJ found that Dr. Pennebaker's opinion assigning environmental limitations is not entitled to significant weight because Plaintiff continues to smoke.  Doc. [10] at 23.  Substantial evidence supports the conclusion that Plaintiff continues to smoke, based on Dr. Okechuku's report and Plaintiff's own testimony.  The ALJ found that Plaintiff's admission that she continues smoking diminishes her credibility as to the severity and functionally limiting effect of her symptoms. *Id.* at 22.  By inference, the ALJ concluded that Plaintiff's smoking habit is inconsistent with Dr. Pennebaker's opinion that she avoid smoke.

Plaintiff also asserts that the ALJ failed to consider Plaintiff's practice of elevating her

legs to treat lower extremity edema.  Plaintiff testified that she can stand for only 10 or 15 minutes at a time and that she elevates her legs six to seven hours a day to help with pain.  Doc. [10] at 42.  Plaintiff does not identify medical evidence supporting her claim that she must elevate her legs six to seven hours per day to treat edema.  The ALJ found that the record lacks supporting objective or clinical evidence that she needs to elevate her legs to such an extent that it could not be accommodated by routine work breaks.  *Id.* at 22.  Substantial medical evidence supports the ALJ's decision not to include any additional restrictions related to edema.  As noted by the ALJ, Dr. Okechuku found that Plaintiff ambulated with a normal gait and used no assistive device.  *Id.* at 20, 255.  Moreover, Dr. Pennebaker concluded that Plaintiff is capable of standing and/or walking (with normal breaks) for a total of about 6 hours in an 8-hour workday. *Id.* at 22-23, 267.  Dr. Pennebaker's medical opinion contradicts Plaintiff's contention that she is unable to work because she must elevate her legs 6 to 7 hours per day.  The opinions of Dr. Okechuku and Dr. Pennebaker constitute substantial evidence in support of the ALJ's finding that Plaintiff is capable of sedentary work.  *Id.* at 23.

Plaintiff also asserts that the ALJ failed to consider frequent urination as a limitation on her ability to perform a full range of sedentary work.  Plaintiff testified that she needs to use the restroom every 10 to 15 minutes because she takes a diuretic that causes her to urinate frequently. *Id.* at 55.  The ALJ considered this potential limitation but found that the medical evidence failed to document complaints or objective medical findings to substantiate Plaintiff's testimony.  *Id.* at 22.  Plaintiff does not identify any medical evidence to support her contention that medication causes her to need to use the restroom every 10 to 15 minutes.  Hence, Plaintiff has failed  in her burden with respect to frequent urination as it relates to the RFC assessment.

**Postural Limitations**

Plaintiff argues that the ALJ improperly rejected postural and environmental limitations assigned by Dr. Pennebaker and Dr. Okechuku.  As noted by the ALJ, the evidence of record does not contain an opinion from a treating medical source.  *Id.* at 22.  Consequently, the ALJ relied on the opinions of a consultative examining physician (Dr. Okechuku) and a medical consultant who reviewed the medical evidence (Dr. Pennebaker).  Plaintiff contends that the postural and environmental limitations assigned by these physicians would prevent her from performing past relevant work as a gambling cashier.

As explained above, substantial evidence supported the ALJ's decision not to include additional environmental limitations relating to Plaintiff's COPD.  With respect to postural limitations, Dr. Okechuku indicated that Plaintiff's low back pain caused moderate limitations with regard to reaching.  Doc. [10] at 256.  However, as noted by the ALJ, Dr. Okechuku indicated that this condition might be helped with nonsteroidal anti-inflammatory medications.  *Id.* at 22, 256.  Moreover, Dr. Pennebaker found that Plaintiff had no limitations on her ability to reach in all directions.  *Id.* at 269.  The ALJ relied in part on Dr. Pennebaker's assessment when determining Plaintiff's RFC.  Plaintiff also points out that Dr. Pennebaker found that Plaintiff could only stoop occasionally.  Plaintiff fails to adequately explain how the ability to stoop only occasionally would preclude Plaintiff from performing the full range of sedentary work.  Plaintiff cites to Social Security Ruling 96-9p and asserts that the complete inability to stoop would significantly erode her unskilled sedentary occupational base because most unskilled sedentary occupations require the ability to stoop at least occasionally.  In fact, consistent with SSR 96-9p, Dr. Pennebaker found that Plaintiff is able to stoop occasionally.  *Id.* at 268.  Taking into account

7

Plaintiff's exertional and postural limitations as reported by Dr. Okechuku and Dr. Pennebaker, the ALJ concluded that Plaintiff is capable of a full range of sedentary work.  This conclusion is supported by substantial evidence.

**Past Relevant Work**

Plaintiff argues that the ALJ erred in finding that she is capable of performing her past relevant work as gambling cashier because (1) the job as performed by Plaintiff was at the light exertional level; and (2) her past work as "cage cashing" not "gambling cashier".

The vocational expert considered Plaintiff's job duties based on Plaintiff's testimony and the vocational expert's review of the administrative record.  Doc. [10] at 57.  Based on this review, the vocational expert identified Plaintiff's past occupation as "gambling cashier".  *Id.* at 59, 62-63.  Plaintiff's argument that the job actually was "cage cashing" appears to be an argument mostly over semantics rather than substance.  Regardless, the ALJ relied on the vocational experts testimony identifying Plaintiff's previous employment as that of "gambling cashier".  *Id.* at 23.  Accordingly, substantial evidence supports that particular conclusion.

The vocational expert also identified the job of gambling cashier as sedentary;  however, as performed by the Plaintiff, the vocational expert indicated that the job was performed at the light exertional level.  *Id.* at 62-63.  Based on the vocational expert's testimony that the job of gambling cashier as it is generally performed is sedentary, the ALJ found that Plaintiff is capable of returning to her past relevant work.  *Id.* at 23.  Plaintiff's inability to perform certain requirements of her past job does not mean that she was unable to perform past relevant work.  Rather, the Commissioner may consider Plaintiff's work as it is generally performed in the national economy.  *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  The ALJ did not

find that Plaintiff is capable of returning to her specific past relevant work as it was actually performed.  Rather, the ALJ relied on the testimony of the vocational expert who concluded that the job of gambling cashier is a job at the sedentary exertional level according to the *Dictionary of Occupational Titles*.  Accordingly, substantial evidence supports the ALJ's conclusion that Plaintiff is capable of returning to her past relevant work as it is generally performed.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's [11] Motion for Summary Judgment be DENIED, that the Commissioner's [13] Motion to Affirm be GRANTED, and that the Commissioner's decision to deny disability benefits be AFFIRMED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been

accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 12th day of July, 2016.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE

10